UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GARY J. CONNOLLY,            )
                             )
       Plaintiff        )
                             )
v.                           )     No. 2:14-cv-292-JHR
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security, )
                             )
       Defendant        )

## *MEMORANDUM DECISION[1]*

The plaintiff in this Social Security Disability ("SSD") appeal[2] moves to admit new evidence (ECF No. 13) and contends that the administrative law judge wrongly failed to find that his impairment met the criteria of Listing 12.06, erroneously evaluated his credibility, improperly weighed the opinion of a treating psychiatrist, and wrongly failed to account for the opinion of a state-agency reviewing psychologist. I deny the motion and affirm the decision of the commissioner.

---

[1] The parties have consented to have me preside over all proceedings in this case, including the entry of judgment. ECF No. 20.

[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 11, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

## I.    Motion to Admit Evidence

The plaintiff asks the court to add to the evidence in the administrative record before the court a disability rating issued to him by the Veterans' Administration almost nine months after the date of the administrative law judge's decision.  Plaintiff's Motion to Admit New Evidence ("Motion") (ECF No. 13) at [2].  He argues that this evidence should be added to the record under 20 C.F.R. § 405.331(c) and *Babb v. Astrue*, No. 2:10-cv-49-DBH, 2010 WL 5465839 (D. Me. Dec. 29, 2010).  *Id.* at [3].  As the plaintiff's attorney conceded at oral argument, the cited authority does not apply to the plaintiff's motion.

The cited regulation, 20 C.F.R. § 405.331, is entitled "Submitting evidence to an administrative law judge" and only applies to evidence that the claimant wants to add to the record "before the [administrative law judge's] hearing decision is issued."  20 C.F.R. § 405.331(c).  As the plaintiff's motion itself acknowledges, that date, February 22, 2013, Record at 35, passed months before the document at issue was dated, November 14, 2013, and a few months shy of two years before his motion was filed, on December 2, 2014.  *Babb* construes the regulation in circumstances where the claimant submitted the evidence in question fewer than five days before the date of the administrative hearing, 2010 WL 5465839, at *3, a period of time to which the regulation applies, although the court declined to consider the evidence in *Babb* for another reason.

The correct standard applicable to this motion is found in 42 U.S.C. § 405(g).  The plaintiff must show that the new evidence is material and that there is good cause for his failure to incorporate it into the record earlier.  In the case at hand, the plaintiff's application is for SSD, for which his eligibility ended on December 31, 2011.  Record at 23.  A finding by the Veterans' Administration on November 14, 2013,[3] that the plaintiff was disabled beginning on February 8,

---

[3] The VA's letter is dated November 14, 2013; the enclosed Rating Decision is dated November 12, 2013.

2013, Motion at [2], is not material to the SSD claim. *McDonald v. Social Sec. Admin. Comm'r*, No. 1:09-cv-473-JAW, 2010 WL 2680338, at *2 (D. Me. June 30, 2010).[4] In addition, while there may have been "good cause" not to submit the document at issue before November 14, 2013, *but see Lyons v. Barnhart*, No. 03-47-B-W, 2004 WL 202837, at *4 (D. Me. Jan. 30, 2004) ("good cause" not shown merely by fact that evidence did not exist as time of hearing; otherwise, nearly all late-submitted evidence would be cognizable), the plaintiff offers no explanation for the period of more than a year after the document was provided to him before he sought to add it to the record. *See, e.g., Black v. Astrue,* No. 1:10-cv-175-JAW, 2011 WL 1226027, at *6 (D. Me. Mar. 29, 2011).[5]

The motion to add the Veterans' Administration document to the record is denied.

## II.  The Merits

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.,* 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for purposes of SSD only through December 31, 2011, Finding 1, Record at 23; that through the date last insured, the plaintiff suffered from depression, post-traumatic stress disorder, and general anxiety disorder, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4. *Id.* at 23-25; that the plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels, but was unable to interact with the public, unable

---

[4] The Veterans Administration decision specifically states that "[w]e determined that the . . . service connected condition has worsened[.]" ECF No. 13-1 at 2. Accordingly, it could not be evidence, before the date last insured, of any disability worse than the 30% disability rating that the Veterans Administration had assigned to the plaintiff prior to November 2013. *Id.*
[5] At oral argument, the plaintiff's attorney stated that the plaintiff did not present the document to his attorneys until shortly before they moved to add it to the record. This explanation does not demonstrate good cause for the delay.

to perform other than simple tasks, able to understand, remember, and carry out simple, repetitive tasks, interact appropriately with coworkers and supervisors, and adapt to routine changes in the work setting, Finding 5, *id.* at 27; that, through the date last insured, the plaintiff was unable to perform any past relevant work, Finding 6, *id.* at 33; that, given his age (58 on the date last insured), at least a high school education, work experience, and RFC, use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 303, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that, through the date last insured, there were jobs existing in the national economy in significant numbers that the plaintiff could have performed, Findings 7-10, *id.* at 33-34; and that, as a result, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from January 29, 2011, the alleged date of onset of disability, through the date last insured, Finding 11, *id.* at 34. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support

of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of itemized errors also implicates Step 3 of the sequential evaluation process. At Step 3, a claimant bears the burden of proving that his impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 404.1520(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 404.1525(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1536(a).

### A. Discussion

#### 1. Listing 12.06

The plaintiff contends that the administrative law judge was required to find that one or more of his mental impairments met the criteria of Listing 12.06, the Listing for anxiety-related disorders. He specifies Listing 12.06(A)(5), Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 14) at 7. That citation covers only a portion of the criteria for the Listing. The plaintiff invokes a subsection of part A of the Listing that requires "[m]edically documented findings of . . . [r]ecurrent and intrusive recollections of a traumatic experience, which are a source of marked distress[.]" To meet the Listing, a claimant must also show the following:

> **B.** Resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.
>    OR
> **C.** Resulting in complete inability to function independently outside the area of one's home.

Listing 12.06(B)-(C).  The plaintiff relies on subsections (B)(1)-(3).  Itemized Statement at 8-9.

The administrative law judge found that the plaintiff had only mild restriction in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in maintaining concentration, persistence, or pace.  Record at 25-26.  The plaintiff relies on the records of Benjamin Grasso, M.D., his treating psychiatrist.  Itemized Statement at 8.  As the defendant points out, Defendant's Opposition to Plaintiff's Statement of Errors and Motion to Admit New Evidence ("Opposition") (ECF No. 17) at 5, the administrative law judge's conclusion is supported by the report of a state-agency psychiatrist, H. Thomas Unger, M.D., who concluded, after reviewing the plaintiff's medical records, including those of Dr. Grasso, that the plaintiff's impairments did not meet Listing 12.06.[6]  Record at 386, 397.  Dr. Unger found mild restrictions of activities of daily living, moderate difficulties in social functioning, and mild difficulties in maintaining concentration, persistence, or pace.  *Id*. at 397.

None of the pages of Dr. Grasso's records cited by the plaintiff describe his mental condition with respect to any of the B criteria other than concentration, which he routinely found to be within normal limits or only mildly impaired.  *E.g., id*. at 307, 314, 374, 410.  The lack of support in the record for the existence of marked difficulties in this area is sufficient to defeat the plaintiff's appeal on this point.  In addition, were the court to determine that the administrative law judge should have found marked restrictions in activities of daily living and marked difficulties in

---

[6] The plaintiff contends that the administrative law judge was required to give "no weight" to Dr. Unger's opinions because Dr. Unger "does not believe that the Plaintiff has any symptoms due to his PTSD." Itemized Statement at 10. This is a mischaracterization of Dr. Unger's report, in which he found the existence of an affective disorder and PTSD, Record at 387, 392, without differentiating the source of the functional limitations that he found to exist as a result. *Id*. at 397, 401-03.  The plaintiff also attacks Dr. Unger's opinions as "internally conflicting," Itemized Statement at 11, but they are not.  An individual could "have difficulty" of some degree in interacting with coworkers and supervisors but nonetheless be able to function in a work environment.  There are degrees of difficulty, and, contrary to the plaintiff's assumption, the word "difficulty" does not automatically translate to "marked difficulties" in social functioning.  The plaintiff proffers no authority to the contrary.

maintaining social functioning based on the pages of Dr. Unger's records cited by the plaintiff, it would have to engage in lay interpretation of raw medical evidence, which is uniformly forbidden by Social Security caselaw. *See, e.g., Brown v. Colvin*, No. 2:13-cv-473-JHR, 2015 WL 58396, at *2 (D. Me. Jan. 5, 2015).

I note also that Dr. Kirsten Milliken-Zumel, an examining psychologist not retained by the defendant, Record at 433, found that the plaintiff's occupation and social impairment was "due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or; [sic] symptoms controlled by medication." *Id*. at 436. Social Security law does not permit a claimant to choose the acceptable medical source to whose records the administrative law judge's review will be limited. The administrative law judge's treatment of the B criteria in Listing 12.06 was supported by substantial evidence.

The plaintiff is not entitled to remand on the basis of his Step 3 issue.

### 2. Credibility

The plaintiff next challenges the administrative law judge's evaluation of his credibility, asserting that his testimony and that of his wife are consistent with the finds and opinions of Dr. Milliken-Zumel and Grasso. Itemized Statement at 11-13. The administrative law judge acknowledged that the report of the plaintiff's wife was "to similar effect as the claimant's October 2011 statement." Record at 28. The administrative law judge said the following about the plaintiff's credibility:

> The extreme nature of the claimant's allegations weighs against his credibility. He alleges that he does nothing during the day except sit and watch television and care to his personal needs. The undersigned finds this to be so extreme as to be unreliable. It is even more unreliable since he is able to keep appointments with no apparent difficulty and to present himself well at appointments. Those treating his physical complaints made no comments regarding any apparent psychological difficulty and those treating his psychological complaints made no comments regarding

7

>any apparent physical difficulties.  Medical practitioners generally report that he had good hygiene and dressed appropriately.  Moreover, the claimant's allegations of extremely severe symptoms and functional limitations are entirely inconsistent with treatment notes, which reveal no significant difficulty interacting with the practitioners, remembering, understanding, or concentrating.  Behavioral oddities are not reported.  Further, the claimant's failure to seek a second opinion after years of increasing symptoms weighs heavily against his credibility.   He has treated with the same psychiatrist since 2007.  In addition, as discussed earlier, the claimant's allegations regarding his physical impairments were not credible.  Treatment notes indicate that his allegations of immobilizing pain with walking were not taken seriously.  He was merely advised to get more exercise despite the alleged pain, which he failed to do.  Lastly, an examining psychologist found that he was not a reliable informant in February 2012 as well be discussed in more detail below (Exhibit C7F).
>
>Based on the foregoing, the undersigned finds that the claimant is an unreliable informant.  Thus, his allegations and any assessment or opinion based on his allegations will not be credited unless accompanied by strong corroborating evidence.  The record does not contain such evidence.

*Id*. at 28-29.  This lengthy discussion of the plaintiff's credibility is followed by a discussion of the evidence underlying Dr. Grasso's opinions that highlights inconsistencies in his observations, in the plaintiff's subjective reports, and between the opinions of Dr. Grasso and Dr. Milliken-Zumel.  *Id*. at 29-31.

This is a more than sufficient basis for the administrative law judge's evaluation of the plaintiff's credibility.

### 3.  Weight Given to Dr. Grasso's Opinions

The next error which the plaintiff contends entitles him to remand is the administrative law judge's failure to give "controlling or greatest weight" to Dr. Grasso's opinions.  Itemized Statement at 13.  The only opinion that he identifies is Dr. Grasso's opinion that the plaintiff "is incapable of working in any capacity because of the long-standing consequences of chronic depression and generalized anxiety."  *Id*. at 14.

8

Two problems with this challenge are immediately apparent, although unacknowledged by the plaintiff. First, the identified opinion is on an issue reserved to the commissioner, and, as such, can never be given either controlling or greatest weight. *E.g., Kenney v. Colvin*, No. 2:13-cv-296-GZS, 2014 WL 3548986, at *7 (D. Me. July 17, 2014). Second, controlling weight is only available to the opinion of a treating source when it is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). As discussed above, Dr. Grasso's opinion on the ultimate issue is not consistent with that of Dr. Unger or that of Dr. Milliken-Zumel.

When Dr. Grasso's opinion is weighed against other medical opinions in the record, the administrative law judge's decision to give it less weight than she did to the conflicting opinions is not error, let alone reversible error.

### 4. Dr. Unger's Opinion re Social Functioning

Finally, the plaintiff complains that the administrative law judges' RFC "fails to account for . . . [Dr.] Unger['s] opinion that, and explanation for why, the Plaintiff is moderately limited in social functioning." Itemized Statement at 16-17. He contends that "Dr. Unger's RFC opinion does not support the ALJ's RFC with respect to social interaction with coworkers and supervisors." *Id*. at 17. Because this issue addresses only one of the B criteria under Listing 12.06, when meeting at least two of the criteria is required in order to meet the Listing, this error, if such it is, can only be harmless.

In fact, however, there is no error. As I noted previously, the fact that Dr. Unger stated that the plaintiff "would have difficulty interacting with the general public, supervisors and coworkers, but could function in a work environment where he had minimal contact with the general public" is not "internally inconsistent," Record at 403, as the degree of difficulty is not specified, and Dr. Unger earlier noted the presence of moderate difficulties in responding

9

appropriately to criticism from supervisors and the ability to get along with coworkers, *id*. at 402. Contrary to the plaintiff's assumption, Itemized Statement at 17, the administrative law judge's finding that the plaintiff could "interact appropriately with . . . coworkers and supervisors," *id*. at 27, is not necessarily inconsistent with the finding that the plaintiff suffered from severe mental impairments.

An impairment is severe when it would have more than a minimal effect on an individual's ability to work. *McDonald v. Secretary of Health & Human Servs*., 795 F.2d 1118, 1124 (1st Cir. 1986). A finding that a mental impairment is severe is compatible with findings that one or more of the B criteria is mildly or moderately affected. *See, e.g., Tilton v. Colvin*, No. 2:13-cv-96-GZS, 2014 WL 294477, at *2 (D. Me. Jan. 27, 2014) (mild limitations in activities of daily living and moderate limitations in social functioning consistent with severe mental impairment); *Cyr v. Astrue*, No. 1:11-cv-433-GZS, 2012 WL 3095437, at *4 (D. Me. July 10, 2012) (same). Moderate difficulties in social functioning, and specifically in the ability to respond appropriately to supervisors and to get along with coworkers are not necessarily inconsistent with a finding that a claimant is able to interact appropriately with coworkers and supervisors. *Bard v. Astrue*, No. 1:12-cv-22-NT, 2012 WL 5258197, at *4 (D. Me. Sept. 28, 2012).

### III.   Conclusion

For the foregoing reasons, the motion to add new evidence to the record is **DENIED,** and the commissioner's decision is **AFFIRMED**.

Dated this 22nd day of April, 2015.

                                                /s/  John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge